JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

GREGORY FRANKLIN,

Plaintiff,

v.

A. VILLANUEVA, et al.,

Defendants.

Case No. CV 22-5837 CBM (MRW)

**ORDER DISMISSING ACTION WITHOUT LEAVE TO AMEND**

**FRCP 41**

The Court dismisses this action without leave to amend for failure to state a claim upon which relief may be granted.

\* \* \*

1.      This is a <u>pro se</u> prisoner civil rights action.  Plaintiff is an inmate at the state prison in Lancaster.  Over the years, he has attempted to litigate numerous of federal civil actions against the staff of the Lancaster prison.

2.      The gist of Plaintiff's original complaint in this action (CV <u>22-5837</u>) is that, while temporarily housed at the Men's Central Jail (MCJ) in Los Angeles in 2022, this Court dismissed one of his Lancaster-

related civil cases.  Plaintiff alleges that the staff at the MCJ illegally denied him access to a law library, which he contends led to the dismissal of the earlier action.  In other words, in the current 22-5837 action, Plaintiff wishes to sue the MCJ guards for allegedly causing the dismissal of a lawsuit involving Lancaster prison guards.

3.     Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, Magistrate Judge Wilner screened the original complaint in this action.  (Docket # 7.) Judge Wilner concluded that Plaintiff failed to state a plausible cause of action against any of the defendants.  The magistrate judge noted that Plaintiff's complaint specifically identified the dismissed Lancaster case as Franklin v. Moore, No. CV 21-3551 CBM (KK) (C.D. Cal.).  However, the docket for the 21-3551 action revealed that the case was dismissed on the merits of Plaintiff's amended complaint, not based on any alleged interference from the jail.  (Docket # 7 at 2-3.)  As such, the Court concluded that Plaintiff failed to plausibly plead injury in the derivative 21-5837 action.

4.     The screening order gave Plaintiff leave to amend his complaint.  Plaintiff subsequently filed his First Amended Complaint. (Docket # 10.)  The FAC acknowledged that Plaintiff erred in claiming that the 21-3551 action had been dismissed due to misconduct by MCJ staff. Instead, in his amended complaint, Plaintiff claimed that another of his Lancaster-based cases - Franklin v. Franklin, No. CV 21-3577 CBM (KK) (C.D. Cal.) – was dismissed because of interference by LA jail officials.

5.     Judge Wilner again dismissed the action at the screening stage.  (Docket # 11.)  Judge Wilner reviewed the district court docket in the 21-3577 action.  The previous magistrate judge in that case had extended Plaintiff's filing deadlines several times at Plaintiff's request.

2

However, when Plaintiff returned to the Lancaster prison in late 2022, he failed to properly update his mailing address as required under Local Rule 41-6.  As a result, court orders (mailed to Plaintiff's last known residence at the MCJ) were returned as undeliverable.  (Docket # 11.)

6. The basis for the district court's termination of the 21-3577 action, therefore, was Plaintiff's failure to comply with the pro se address requirement, not any lack of law library access attributable to the Los Angeles jail guards.  The assigned district judge confirmed that ruling by denying Plaintiff's request for relief under Rule 60 in that case.  (No. CV 21-3577, Docket # 27.)

7. Plaintiff filed a Second Amended Complaint in the current 22-5837 case.  (Docket # 12.)  The SAC essentially restates the allegations from the FAC regarding the timing of the dismissal of the 21-3577 case.  Of note, Plaintiff additionally claimed that, when he was transferred back from MCJ to the Lancaster facility in October 2021, he filed a "notification of change of address" with this Court.  (Docket # 12 at 8.)

8. A close review of the document to which Plaintiff referred (Id. at 49) reveals that it is a change of address form that Plaintiff sent to the wrong court (California Court of Appeal) in an unrelated action (a state court case involving the Superior Court).  No evidence – be it on the federal court docket or in the materials Plaintiff submitted with the three iterations of his current complaint – supports his contention that he properly informed this Court of his move to Lancaster in 2021.

* * *

9. A complaint may be dismissed for failure to state a claim based on the lack of a cognizable legal theory or the absence of facts alleged under such a theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th

1 | Cir. 1990); 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  A complaint must
2 | contain enough facts to establish a "plausible" entitlement to relief that is
3 | more than merely speculative.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

10.    Dismissal of the current action is appropriate.  The Court terminated Plaintiff's earlier civil action (CV <u>21-3577</u>) because of <u>Plaintiff's</u> failure to maintain a current address with the Court.  It is implausible for him to now maintain a lawsuit against guards at MCJ for allegedly causing the termination of that case.  As the Court conclusively determined, his own inaction led to that dismissal.[1]  Plaintiff has failed to plead any facts that could lead to relief against the MCJ guards.  <u>Iqbal</u>, 556 U.S. at 678.

* * *

11.    A <u>pro se</u> litigant is ordinarily entitled to amend a defective complaint in an effort to state a proper claim for relief.  <u>Lopez v. Smith</u>, 203 F.3d 1122 (9th Cir. 2000).  However, this rule does not apply when "the basic facts are alleged and have been analyzed" from a litigant's pleadings and it is apparent that that Plaintiff "cannot cure the flaws" in his claims.  <u>Lipton v. Pathogenesis Corp.</u>, 284 F.3d 1027, 1039 (9th Cir. 2002).

12.    Plaintiff has had three opportunities to state a viable claim in the current action.  This Court's familiarity with the basis for its rulings in the earlier <u>c</u> action preclude the possibility that Plaintiff could plead a legitimate cause of action for relief.  Dismissal without leave to amend is appropriate.  <u>Lipton</u>, 284 F.3d at 1039.

---

[1]    Plaintiff makes no allegation in the SAC that MCJ guards prevented him from mailing a change of address form to the Court.  Indeed, by his own submission (Docket # 12 at 49), he <u>was</u> able to do so.  He simply failed to send one to this Court.

4

13.     Therefore, the present action is hereby DISMISSED without leave to amend.

IT IS SO ORDERED

Dated: MARCH 14, 2023

HON. CONSUELO B. MARSHALL
SENIOR U.S. DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE